■ ROSE MCBRIEN, Individually and as a Shareholder and in the Right of No. 730 RICHMOND TERRACE CORPORATION, Appellant, v FRANK MURPHY, JR., et al., Respondents.—Order of the Supreme Court, New York County (Edward Greenfield, J.), entered on June 6, 1990, which, *inter alia,* denied plaintiff's cross-motion to compel defendant's further deposition, is unanimously affirmed, without costs or disbursements.

The instant stockholder's derivative action arises out of a family dispute between plaintiff and her brother, defendant Frank Murphy, Jr. It is clear that plaintiff was accorded a full opportunity to conduct a review of all the corporate documents and, indeed, nowhere disputes defendant's contention that on October 27, 1989, prior to defendant's deposition, an exhaustive discovery and inspection took place at which point the original records could have been examined and copied. Moreover, the minutes of defendant's deposition reveal that while the attorneys were constantly quibbling with each other and defendant's counsel frequently interrupted the proceedings to comment on his client's testimony, defendant's lawyer nonetheless rarely prevented defendant from answering a question posed to him. In fact, the only time that the defense attorney would not allow his client to respond to an inquiry concerned the sale price of property owned by defendant and whether defendant knew if a grade problem in the access to Richmond Terrace could be corrected (asked after defendant stated that he had never spoken with engineers about the situation). Otherwise, defendant's counsel objected only to the form of various questions, not their substance, and defendant answered most of these anyway. Then, at the conclusion of the deposition, plaintiff's attorney announced that "I have no further questions to ask of you."

Following the deposition, defendant's counsel again fur-

nished copies of all of the documents previously requested by plaintiff's lawyer and which were made available to him prior to his questioning of defendant. Under these circumstances, there is no basis for interfering with the Supreme Court's discretion in the matter and providing plaintiff's counsel with another chance to do precisely what he could have previously accomplished. Certainly, another deposition is not required simply because of the two occasions upon which defendant did not supply an answer. An affirmance of the Supreme Court's determination is, therefore, warranted. Concur—Murphy, P. J., Milonas, Ellerin and Kassal, JJ.